Cassandra JONES, Plaintiff,

v.

Anthony M. FRANK, Postmaster General of the United States, Defendant.

Civ. A. No. 90–746 (CRR).

United States District Court, District of Columbia.

April 21, 1992.

James Forrest King, Washington, D.C., for plaintiff.

Jeffrey T. Sprung, Asst. U.S. Atty. for the District of Columbia, with whom Jay B. Stephens, U.S. Atty. for the District of Columbia, and John D. Bates, Asst. U.S. Atty. for the District of Columbia were on the brief, for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court held a status conference in the above-captioned case on April 20, 1992. At that time, the Court set a schedule to govern the remainder of this action and denied the defendant's pending Motion for Summary Judgment.

A court shall grant summary judgment where "there is no genuine issue of material fact ... and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The Court must credit the nonmovant's evidence and draw all justifiable inferences in his or her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). However, the nonmoving party may not rest upon a mere denial, but rather must set forth specific facts, by affidavit or otherwise, showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

The Court finds that summary judgment is inappropriate because the plaintiff has pointed to genuine disputes regarding material facts regarding each of her claims. For example, as to her first EEO Complaint, there is a genuine dispute regarding the facts which will establish whether the plaintiff received the relief she sought initially. There are also disputes as to the merits of the claim, assuming it is not moot. For example, while plaintiff concedes that her work was untimely, she contends that her work was comparable to that of her colleagues who did not receive reprimands. Pl.Aff. ¶ 1. This contention,

which is supported by the plaintiff's affidavit, creates a dispute regarding whether she was treated differently because of her race and gender and whether her conduct was simply a pretext for taking adverse action against her.

Regarding her second EEO Complaint, there is a genuine dispute over whether the complaint was timely, that is, whether the plaintiff knew or should have known that her position would be abolished after she was orally advised of the plan in January, 1986. The plaintiff swears that she did not understand that the decision was final and that her position would in fact be abolished under the plan until she received *formal* notification on April 30, 1986. Pl.Aff. ¶ 4. Courts have held that the timely filing of an EEOC charge is not a jurisdictional requirement to sue, but rather is "at least as yielding" as a statute of limitations that is subject to equitable tolling. *Bayer v. Dep't of the Treasury*, 956 F.2d 330 (D.C.Cir.1992). *See also Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C.Cir.1985); *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C.Cir.1982); *Mondy v. Secretary of Army*, 845 F.2d 1051, 1055 & n. 6 (D.C.Cir.1988). Here, the determination of whether equitable tolling is appropriate turns on credibility determinations, and the plaintiff is entitled to present her case on this point at trial.

Regarding the merits of plaintiff's second complaint, which concerns the abolition of plaintiff's former position, the defendant contends that her claim has no merit because many employees, including a majority of white males, had positions abolished in the course of a reduction in staffing. However, plaintiff offers evidence that the two similarly situated white males were treated differently than she when their positions were abolished: one was reassigned to a different EAS–20 position, while one retired. By contrast, the plaintiff was reassigned to an EAS–14 position. Pl.Aff. ¶ 6. This evidence creates a factual dispute regarding whether plaintiff was treated differently in the course of the reduction. Construing the evidence in plaintiff's favor, it creates an inference that the difference in treatment was discriminatory. The plaintiff is entitled to present her case on this point at trial.

Finally, plaintiff's third complaint of failure to promote rests mainly on a dispute between the parties as to the relative merit of the various candidates' qualifications for the position at issue. Resolving this dispute will involve weighing of evidence which is more appropriate at trial than on a motion for summary judgment. Moreover, the plaintiff offers evidence that one of the members of the selection board relied on knowledge of the letter of warning the plaintiff received (the subject of the first EEO complaint at issue here) in assessing her qualifications. Pl.Aff. ¶ 5. The plaintiff contends that the letter was discriminatory and therefore, so was the board member's failure to recommend her insofar as he relied on that letter. If she prevails on the merits of her first EEO complaint, this evidence would be worthy of consideration.

Because the plaintiff has offered more than a scintilla of evidence, which must be construed in her favor, in support of her claims, summary judgment is inappropriate. "Prudence and fairness both dictate that the plaintiff receive [her] day in Court and the opportunity to make the most [she] can of the evidence [she] will be able to produce in this case." *Gomez v. Trustees of Harvard University*, 677 F.Supp. 23, 25 (D.D.C.1988). The Court finds that it will benefit from the testimonial evidence at trial in considering these claims and making the necessary credibility determinations regarding disputed material facts.

Accordingly, it is, by the Court, this 21 day of April, 1992,

ORDERED that the defendant's Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that trial shall commence on August 24, 1992, and shall last no more than two days; and it is

FURTHER ORDERED that in preparation for the trial and pursuant to Local Rule 209, counsel for the plaintiff shall

prepare an exhibit list and the direct testimony of the plaintiff and any other witnesses within plaintiff's control in written narrative form and shall serve the same upon opposing counsel no later than 4:00 p.m., August 4, 1992, and that counsel shall confer in person and discuss and resolve any evidentiary objections. Counsel for the plaintiff shall then file the exhibit list and the final version of the narrative testimony in triplicate with the Court's Deputy Courtroom Clerk, Mr. Joseph E. Burgess (Room 1800), on or before 4:00 p.m., August 6, 1992. At the same time, any portion of the direct testimony which remains in dispute shall be filed separately on or before 4:00 p.m., August 6, 1992, and the Court shall resolve these disputes, if any, at the trial; and it is

FURTHER ORDERED that for the preparation of direct testimony in narrative form, the parties are directed to consider the proposed Amendments of the Judicial Conference Advisory Committee on Civil Rules (*see* proposed new Fed.R.Civ.P. 43); and it is

FURTHER ORDERED that the above-ordered direct testimony shall be by way of declaration or sworn affidavit; and it is

FURTHER ORDERED that the above-ordered direct testimony shall be in lieu of the usual question-and-answer form of direct examination, although full cross examination shall be permitted at trial; and it is

FURTHER ORDERED that counsel for the defendant shall prepare an exhibit list and the direct testimony of all defense witnesses within its control in written narrative form and shall serve the same upon opposing counsel no later than 4:00 p.m., August 10, 1992, and that counsel shall confer in person and discuss and resolve any evidentiary objections. Counsel for the defendant shall then file the exhibit list and the final version of the narrative testimony in triplicate with the Court's Deputy Courtroom Clerk, Mr. Joseph E. Burgess (Room 1800), on or before 4:00 p.m., August 12, 1992. At the same time, any portion of the direct testimony which remains in dispute shall be filed separately on or before 4:00 p.m., August 12, 1992, and the

Court shall resolve these disputes, if any, at the trial; and it is

FURTHER ORDERED that the parties shall file with the Court and with the Court's Deputy Courtroom Clerk, Mr. Joseph E. Burgess (Room 1800), no later than 4:00 p.m., August 12, 1992, a witness list and the exhibits they plan to use at trial; and it is

FURTHER ORDERED that the parties shall file any stipulations of fact or law with the Court and with *Chambers* (Room 4317) by 4:00 p.m., August 12, 1992; and it is

FURTHER ORDERED that no later than 4:00 p.m. on August 4, 1992, counsel for the plaintiff shall prepare and serve upon opposing counsel proposed findings of fact and conclusions of law with respect to the factual and legal issues raised in this case; and it is

FURTHER ORDERED that the counsel for the defendant shall mark its opponent's proposed findings of fact and conclusions of law as follows: those portions which are disputed shall be underlined; those portions which are admitted shall be bracketed; and those portions which are admitted, but deemed irrelevant or immaterial, shall be left blank; and it is

FURTHER ORDERED that counsel for the defendant shall file with the Court and with Chambers (Room 4317) by 4:00 p.m. on August 6, 1992 its marked-up version of the plaintiff's proposed findings of fact and conclusions of law, as described in the preceding ordered paragraph; and it is

FURTHER ORDERED that no later than 4:00 p.m. on August 10, 1992, counsel for the defendant shall prepare and serve upon opposing counsel its proposed findings of fact and conclusions of law with respect to the factual and legal issues raised in this case; and it is

FURTHER ORDERED that the counsel for the plaintiff shall mark its opponent's proposed findings of fact and conclusions of law as previously described herein; and it is

FURTHER ORDERED that counsel for the plaintiff shall file with the Court in and

**4**

with Chambers (Room 4317) by 4:00 p.m. on August 12, 1992 its marked-up version of the defendant's proposed findings of fact and conclusions of law, as previously described herein.